# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-2242

_____

Debbie Keslar,                                    *
                                                  *
                    Appellant,                    *
                                                  *
        v.                                        *
                                                  *
Bryce Bartu, both individually and in his         *
official capacity as District Judge for the       *
Fifth Judicial District of Nebraska; the          *
State of Nebraska,                                *
                                                  *
                    Appellees.                    *
_____                                 *   Appeal from the United States
                                                  *   District Court for the District
National Employment Lawyers                        *   of Nebraska.
Association; the Impact Fund; the                  *
Mexican American Legal Defense and                 *        [PUBLISHED]
Educational Fund; NOW Legal Defense                *
and Education Fund; Connecticut                     *
Women's Education and Legal Fund; DC               *
Rape Crisis Center; Jewish Women                    *
International; National Council of                  *
Jewish Women; National Organization                *
for Women Foundation; National                      *
Women's Law Center; Women                           *
Employed; Women's Law Project,                      *
                                                  *
                Amici on behalf of                 *
                Appellant.                          *

_____

Submitted: January 10, 2000

Filed: February 4, 2000
_____

Before RICHARD S. ARNOLD, FAGG, and HANSEN, Circuit Judges.
_____

PER CURIAM.

Court reporter Debbie Keslar brought this Title VII employment discrimination action against a state district judge and the State of Nebraska alleging the judge sexually harassed her while she worked for him. The parties settled the case on the eve of trial. Although the defendants did not admit liability, they stipulated Keslar was the prevailing party. In settlement, the State paid Keslar $70,000 and agreed to make an existing harassment policy expressly applicable to official court reporters and to ensure sexual harassment complaints are promptly investigated. Keslar then asked the district court to award her attorney's fees and costs under 42 U.S.C. § 1988. Keslar requested fees in the amount of $423,797.50 for 3400 hours of work, costs in the amount of $34,017.88, and an enhancement of the fee award. Stating Keslar's lawyer "lost all sense of proportion and spent too much time and money on what was only slightly more than a run-of-the-mill case," the district court awarded a fee of $35,875. The district court arrived at that amount by multiplying the total hours reasonably expended, 350 instead of 3400, by reasonable hourly rates for both California and Nebraska counsel. The district court awarded costs permitted by the cost statutes and case law in the amount of $17,009. Rather than elaborating on the reductions in requested fees and costs in its order, the district court referred to the "very detailed and extraordinarily well written brief submitted by counsel for the defendants." Keslar appeals the fee and cost award. We conclude the district court did not abuse its broad discretion. See Polacco v. Curators of Univ. of Mo., 37 F.3d 366, 370 (8th Cir. 1994) (standard of review). Contrary to Keslar's assertion, the district court applied the lodestar analysis by multiplying the number of hours reasonably spent on the case by a reasonable hourly

rate.  See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The district court simply excluded hours that were not reasonably spent on the case from the lodestar calculation.  See id. at 434, 436-37.  The district court properly declined to enhance the lodestar amount.  See Forshee v. Waterloo Indus., 178 F.3d 527, 532 (8th Cir. 1999).  Having carefully reviewed the record and all of Keslar's arguments on appeal, we affirm the district court's fee and cost award.

RICHARD S. ARNOLD, Circuit Judge, dissenting.

As the Court notes, counsel for the prevailing plaintiff in this case requested a fee award of $423,797.50.  A two- or three-fold enhancement was also sought. Counsel reported spending 3,400 hours on the case, about as much time as a single lawyer would spend in her entire practice for two full years.  Given the nature of this case and the other relevant circumstances, this request was destined to be reduced.  It was greatly overstated, and I cannot say that the District Court abused its discretion in reducing the award substantially.

Two aspects of the District Court's reasoning, however, seem problematic to me. One of the factors traditionally considered in making fee awards is the undesirability of the case.  Here, a number of lawyers turned the case down before plaintiff's present lead counsel accepted it.  The reason is not hard to imagine.  The defendants in the case were a Nebraska state trial judge, the Supreme Court of Nebraska, the Chief Justice of the Supreme Court, and the state court administrator.  I believe that most lawyers, and understandably so, would think twice before suing such a powerful array, even where, as here, the case showed prospects of being substantial.  About this factor, the District Court said:

> While the fact that judges were sued is not irrelevant, it does
> not justify an exorbitant fee and cost application.  Nor does
> it make the case anything more than slightly unusual.

-3-

> Specifically, I do not give much weight to the suggestion that it took courage on the part of the plaintiff's counsel to prosecute this case.

Debbie Keslar v. Bryce Bartu, No. 4:96CV3072, Memorandum and Order, p. 2 n.3 (D. Neb., March 18, 1999).

Of course an "exorbitant" application would not be justified no matter who the defendants were. But I cannot agree that suing judges, including the top of the judicial hierarchy, is only "slightly unusual." I would give substantial weight to the amount of courage that it took for any lawyer, especially a relative new one (plaintiff's lead counsel has been in practice for less than ten years) to bring such a suit. The underlying claim here was sexual harassment of a court reporter by the judge to whom she was assigned. Suing a judge for any reason (I speak now of the real world) would probably give most lawyers pause. Suing a judge for embarrassing personal misconduct, and bringing into the suit representatives of the entire judicial system, would cause any prudent lawyer to hesitate, think the matter over, and proceed only if the case seemed really important, or really likely to succeed. In other words, I think it took a lot of courage for plaintiff's counsel to file this lawsuit, and I believe the District Court undervalued this factor in considering the fee application.

Plaintiff got two things out of this settlement: a payment of $70,000.00, which is not inconsiderable, and injunctive relief. The District Court described the latter aspect of the settlement as "minimal." Id. at 1-2. On the face of it, I cannot agree with this assessment, and I believe this factor should at least be reconsidered. When plaintiff began attempting to secure relief against the judge for whom she worked, the only avenue of redress (short of filing suit) lay in a complaint to the Nebraska Judicial Qualifications Commission. Evidence in this record strongly suggests that the Commission had not paid prompt attention to similar complaints in the past. In addition, the plaintiff was told that she had no protection against retaliation. That is,

by complaining, she exposed herself to discharge by the very person who, she was contending, had wronged her. Federal law would have protected her against such retaliation, see 42 U.S.C. § 2000e-3(a), but apparently no one told Ms. Keslar that. So the state administrative process, as it existed before this matter arose, apparently left something to be desired.

The settlement in this case, which was signed by the Chief Justice of the Supreme Court of Nebraska, obligates the defendants to take the following steps:

> develop and implement a prompt response procedure to address complaints made by employees involving alleged unlawful discrimination against them by any member of the judiciary.

> \*   \*   \*   \*

> ensure that the workplace harassment policy of the court is clearly shown as applicable to official court reporters.

The settlement agreement recited that this commitment was "a material term of the agreement."

I question the District Court's description of this relief as "minimal." In addition, it is somewhat disturbing for the defendants to trivialize their agreement, as they are now doing in an effort to justify the District Court's order with respect to fees and costs. It is true that the agreement is lacking in specifics, but I cannot think that the courts of Nebraska will not take it seriously. It is essential that employee complaints of this nature be promptly investigated. This is just as important for persons accused as it is for persons who claim to be aggrieved. And presumably the new process will contain some kind of assurance that court employees who make reasonable, good-faith complaints will not lose their jobs because they have done so. These changes in the

-5-

status quo are significant. I acknowledge, as defendants suggest, that these changes, or something like them, were in the works before the settlement agreement in this case was actually signed. It seems likely, however, that this lawsuit was an important part of the impetus for making such changes. Significantly, the defendants, for a time, resisted including any such undertaking in the settlement agreement.

In my view, the District Court abused its discretion in giving the factors I have mentioned too little weight. I would vacate its order and remand for reconsideration in light of the comments in this opinion. I would not, however, agree to appellant's request that the case be assigned to another district judge. Appellant asserts (though not much emphasis is given to the point) that the District Court's opinion "reveal[s] an inherent prejudice against Keslar's case and her counsel." Brief for Appellant 32. I think this accusation is unjust. It was the district judge's job to assess the quality and quantity of appellant's counsel's performance. Some lawyers are more aggressive than they need to be, and spend more time than they need to on their cases. Defendants, even when they lose or settle the case, should not have to pay for these aspects of opposing counsel's performance. The fact that a judge believes that a lawyer has "lost all sense of proportion and spent too much time and money on what was only slightly more than a run-of-the-mill case," id. at 2, does not mean that the judge is guilty of gender bias, merely because the lawyer about whom such comments are made is a woman. The judge may be mistaken in his comments, but that is not at all the same thing as being biased or prejudiced. There is no evidence whatever of bias or prejudice on the part of this judge.

Although my disagreement with the Court is limited to the two factors I have mentioned, I believe they are important enough to require a reconsideration of the matter, and I therefore respectfully dissent.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.